IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEFFERY SCOTT MORRIS**                                                      **PETITIONER**

v.                                                                                          No. 3:20CV297-NBB-RP

**STATE OF MISSISSIPPI**                                                    **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Jeffery Scott Morris for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. Morris has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed with prejudice as untimely filed.

**Facts and Procedural Posture**

Jeffery Scott Morris was indicted for enticement of a child under Mississippi Code § 97-5-31 as a habitual offender under Mississippi Code § 99-19-81 in the Circuit Court of Pontotoc County, Mississippi. See Exhibit A[1]. Morris entered a plea of guilty to the reduced charge of enticement of a child as a non-habitual offender and was sentenced by Order filed April 13, 2017, to serve a term of forty years; however, the Pontotoc County Circuit Court further ordered that Morris be given credit for time served and see also Transcript of Plea and Sentencing Hearing in Pontotoc County Circuit Court Cause No. 2016-CR-00191.

---

[1] The exhibits referenced in this memorandum opinion may be found attached to the State's Motion to Dismiss.

The records of the Pontotoc County Circuit Court reflect that Morris signed a motion for post-conviction relief challenging his plea and sentence for enticement of a child in that court on or about March 25, 2019, and the motion was stamped as "filed" in that court on August 20, 2019. See Exhibit D; see also Pontotoc County Circuit Court Cause No. 2020-CV-082. Morris' petition was denied by Order of the Pontotoc County Circuit Court filed March 25, 2020. See Exhibit F. He appealed the lower court's denial of post-conviction relief, and the Mississippi Court of Appeals dismissed that appeal as untimely by Order filed January 26, 2021. See Exhibit G.

The records of the Pontotoc County Circuit Court also reflect that on June 25, 2020, Morris filed a "Motion to Vacate Plea." See Exhibit H; see also Pontotoc County Circuit Court Cause Nos. 20-CV-168; 2016-CR-00191. Morris' motion to vacate was denied and dismissed as both untimely and successive by the trial court by Order filed on July 13, 2020. See Exhibit I; see also Pontotoc County Circuit Court Cause Nos. 20-CV-168; 2016-CR-00191. The docket in Cause No. 20-CV-168 reflects that Morris failed to timely appeal the trial court's ruling to the Mississippi Supreme Court. See Exhibit J.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

> by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

By statute, there is no direct appeal from a guilty plea. See Miss. Code Ann. § 99-35-101. Hence, Mr. Morris' judgment on his plea and resulting sentence for enticement of a child became final on April 13, 2017, the date that the trial court entered the sentence on his plea. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, under the AEDPA's one-year statute of limitations, Morris' federal petition for a writ of *habeas corpus* became due in this court on April 13, 2018 (April 13, 2017 + 1 year).

**Actual Innocence Exception Not Applicable**

In response to paragraph 18 of the petition regarding why his petition should be deemed timely, Mr. Morris states that he has filed "everything I [know] how" and "need appointment of counsel to help." Doc. 1 at 13. He also states that he is "completely innocent" of the charge to which he pled guilty. *Id*. To overcome the expiration of the AEDPA statute of limitations, a petitioner must make a credible showing of actual innocence, which requires him to produce new evidence sufficient to persuade the court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggin, v. Perkins*, 569 U.S. 383, 386 (2013).

In the instant case, Mr. Morris has not shown that he is actually innocent of the crime of his conviction. He has not produced any "new" evidence or arguments that were not available prior to the entry of his plea. Instead, Mr. Morris' "actual innocence" claim as stated in the instant petition is based on his argument that he received ineffective assistance of counsel at the time he entered his plea. Doc. 1 at 14. For this reason, he has not presented any new, reliable evidence in the form of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence," as required to meet the gateway requirement of actual innocence to warrant review of his claims. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In fact, Mr. Morris has presented no new, reliable evidence in support of his claims, and thus has not made a credible claim of actual innocence to overcome the time bar. The deadline to seek federal *habeas corpus* relief thus remains April 13, 2018.

### No Equitable Tolling

Similarly, Mr. Morris has not alleged circumstances sufficient to invoke equitable tolling of the one-year limitations period. "The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). The "AEDPA's filing provision is not jurisdictional but, instead, is a statute of limitations that, like all limitation statutes, could be equitably tolled." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (internal citations omitted); *see also United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (applying equitable tolling to one-year limitations period in 28 U.S.C. § 2255(f)). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one[-]year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Mr. Morris' contention that he needs legal assistance to proceed fails to present a "rare and exceptional circumstance" as to invoke equitable tolling of the limitations period. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (ignorance of law or limited access to outside information do not constitute a "rare and exceptional" circumstance to excuse untimely filing); *see also Felder*, 204 F.3d at 170 (neither proceeding *pro se*, inadequacies in a prison law library, nor lack of knowledge of filing deadlines constitutes a "rare and exceptional circumstance" to support equitable tolling).

Mr. Morris has not identified any "rare and exceptional" circumstance on which this court could find equitable tolling appropriate in this case. In other words, "[n]o obstacle, alone or in combination, [ ], actually prevented [Morris] from timely filing a *habeas* petition." *Green v. Banks*, No. 1:18-CV-180-HSO-LRA, 2019 WL 2497227, at *4 (S.D. Miss. Jan. 28, 2019). Hence, Mr. Morris may not invoke equitable tolling to render his petition timely, and his *habeas corpus* filing deadline remained April 13, 2018.

## Timeliness Calculation

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on November 1, 2020, and the date it was received and stamped as "filed" in the district court on November 5, 2020. The instant petition was thus filed over two years after the April 13, 2018, filing deadline. As discussed above, the petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling; nor has he made a showing of actual innocence. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 23rd day of August, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE